1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

7   LISA STICKROD,                    )
                                      )
8           Petitioner,               )        2:11-cv-01430-JCM-GWF
                                      )
9    vs.                              )        **ORDER**
                                      )
10   STATE OF NEVADA, *et al.*,        )
                                      )
11          Respondents.              )
     _____/
12

13         This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which

14   petitioner, a state prisoner, is proceeding *pro se*.  On November 7, 2011, petitioner paid the filing fee for

15   this action.  (ECF No. 9.)  Because petitioner has paid the filing fee, the court denies her motions to

16   proceed *in forma pauperis* as moot.  (ECF Nos. 6, 10.)

17         Petitioner initiated this action by filing a "motion to extend time for filing notice of appeal

18   nunc pro tunc and/or correction or clarification of record."  (ECF No. 2.)  The court construed this

19   document as seeking habeas corpus relief from a state court conviction.  To the extent this document

20   seeks any other type of relief, the court denies the motion.

21         Petitioner has filed a motion for leave to file excess pages.  (ECF No. 7.)  The court grants

22   the motion.  It appears that petitioner has attached her petition, which is on the court-required form, to

23   this motion.  The court will order the clerk to detach the petition and file it under a separate docket entry.

24   Additionally, petitioner has filed a brief in support of her petition.  (ECF No. 9.)  The court will serve

25   both the petition and the brief on respondents.

26

1          Petitioner has filed a motion seeking discovery.  (ECF No. 11.)  The court denies this

2   motion as premature.  In habeas corpus actions, discovery is regulated by Rule 6 of the Rules Governing

3   Section 2254 Cases.  Rule 6 provides that discovery in habeas corpus actions may be invoked only after

4   obtaining leave of court and upon a showing of good cause.  Rule 6(a) states: "A judge may, for good

5   cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit

6   the extent of discovery."  Rule 6(b) states:  "A party requesting discovery must provide reasons for the

7   request.  The request must also include any proposed interrogatories and requests for admissions, and

8   must specify any requested documents."  Rule 6, Rules Governing Section 2254 Cases.  "Habeas is an

9   important safeguard whose goal is to correct real and obvious wrongs.  It was never meant to be a fishing

10  expedition for habeas petitioners to 'explore their case in search of its existence.'"  *Rich v. Calderon*,

11  187 F.3d 1064, 1067 (9th Cir. 1999) (citations omitted).  "A habeas petitioner does not enjoy the

12  presumptive entitlement to discovery of a traditional civil litigant.  Rather, discovery is available only

13  in the discretion of the court and for good cause shown . . . ."  *Rich v. Calderon*, 187 F.3d at 1068 (citing

14  *Bracy v. Gramley*, 520 U.S. 899, 903-05 (1997) and Rule 6(a) of the Rules Governing Section 2254

15  Cases).  Good cause to conduct discovery in a habeas action is based on several factors:  (1) the request

16  must be grounded on specific and demonstrable facts; (2) the request must establish a logical and direct

17  nexus between the discovery sought and the claims pending before the court; (3) there must be real and

18  factual evidence that the petitioner can point to in order to establish that the claims in the petition have

19  a basis in fact and are more than mere speculation; and (4) the discovery request must be narrowly

20  tailored to obtain specific and identifiable items.  *Bracy v. Gramley*, 520 U.S. at 905-909.  In this case,

21  after respondents have filed an answer or other response to the petition, petitioner may renew her motion

22  for discovery.  In doing so, petitioner should tailor her motion to address the above standard.

23          Petitioner also seeks release pending disposition of her petition for writ of habeas corpus.

24  (ECF No. 12.)   The Ninth Circuit Court of Appeals has not yet decided whether a district court has the

25  authority to grant bail pending a decision on a  habeas corpus petition.  *In re Roe*, 257 F.3d 1077,

26

2

1079-80 (9th Cir. 2001). Every circuit that has actually decided this issue, however, has held that district courts do, in fact, possess such discretionary authority. *Hall v. San Francisco Superior Court*, 2010 U.S. Dist. LEXIS 33030, 2010 WL 890044, at *2 (N.D. Cal. March 8, 2010) (citing cases from the First, Second, Third, Fifth, Sixth, Seventh, Tenth and District of Columbia Circuit Courts of Appeal). The bail standard for an incarcerated person seeking collateral review is markedly different from the standard applied to a pretrial detainee because an incarcerated habeas corpus petitioner requesting post-conviction relief has already been convicted, and thus, he or she is no longer presumed innocent. *Aronson v. May*, 85 S. Ct. 3, 13 L. Ed. 2d 6 (1964); *Glynn v. Donnelly*, 470 F.2d 95, 98 (1st Cir. 1972). The court's discretion in granting bail pending a decision on a habeas corpus petition is to be "exercised very sparingly." *Cherek v. United States*, 767 F.2d 335, 337 (7th Cir. 1985).

To obtain such relief, the petitioner must demonstrate: (1) that the claim raises a substantial question and there is a high probability of success on the merits; and (2) the case is extraordinary involving special circumstances. *In re Roe*, 257 F.3d at 1080. Exceptional circumstances may exist and, in the court's discretion, warrant a petitioner's release on bail where: (1) petitioner's health is seriously deteriorating while he is incarcerated, *Woodcock v. Donnelly*, 470 F.2d 93, 94 (1st Cir. 1972) (per curiam); *Johnston v. Marsh*, 227 F.2d 528, 532 (3rd Cir. 1955) (Hastie, J., concurring); (2) there is an extraordinary delay in the processing of a petition, *Glynn*, 470 F.2d at 98; and (3) the petitioner's sentence would be completed before meaningful collateral review could be undertaken, *Boyer v. City of Orlando*, 402 F.2d 966 (5th Cir. 1968).

In this case, after reviewing the petition and the moving papers, the court concludes that petitioner fails to show that the merits of her claims are so strong as to indicate a high probability of her success. Additionally, petitioner fails to show that exceptional circumstances exist that require her immediate release pending disposition of her habeas petition. Accordingly, the court denies petitioner's motion for bail.

1          Last, petitioner has filed a "motion to proceed with appeal on original records of appeal."

2   (ECF No. 13.)  To the extent petitioner is seeking an order from this court directing the Nevada Supreme

3   Court to proceed in a particular fashion in her state criminal case, the court denies the motion.  If this

4   court determines that petitioner is entitled to relief on the merits of her petition for writ of habeas corpus,

5   it will address what remedy is appropriate at that time.

6          **IT IS THEREFORE ORDERED** that petitioner's motions to proceed *in forma pauperis*

7   (ECF Nos. 6, 10) are **DENIED as moot.**

8          **IT IS FURTHER ORDERED** that petitioner's "motion to extend time for filing notice

9   of appeal nunc pro tunc and/or correction or clarification of record"  (ECF No. 2) is **DENIED.**

10          **IT IS FURTHER ORDERED** that petitioner's motion for leave to file excess pages

11   (ECF No. 7) is **GRANTED.**  The clerk **SHALL** detach the petition and file it in a separate docket entry.

12   The clerk **SHALL** amend the docket entry for ECF No. 9 and retitle it "Brief in Support of Petition for

13   Writ of Habeas Corpus.**"**

14          **IT IS FURTHER ORDERED** that petitioner's motion for discovery (ECF No. 11) is

15   **DENIED without prejudice** as premature.

16          **IT IS FURTHER ORDERED** that petitioner's motion for bail (ECF No. 12) and

17   "motion to proceed with appeal on original records of appeal" (ECF No. 13) are **DENIED**.

18          **IT IS FURTHER ORDERED** that the clerk shall **ELECTRONICALLY SERVE** the

19   petition and the brief in support of the petition upon the respondents.  A petition for federal habeas

20   corpus should include all claims for relief of which petitioner is aware.  If petitioner fails to include such

21   a claim in her petition, she may be forever barred from seeking federal habeas relief upon that claim.

22   *See* 28 U.S.C. §2254(b) (successive petitions).  If petitioner is aware of any claim not included in her

23   petition, she should notify the court of that as soon as possible, perhaps by means of a motion to amend

24   her petition to add the claim.

25

26
                                                    4

1    **IT IS FURTHER ORDERED** that respondents shall have **forty-five (45) days** from

2    entry of this order within which to answer, or otherwise respond to, the petition.  In their answer or other

3    response, respondents shall address any claims presented by petitioner in her petition as well as any

4    claims presented by petitioner in any statement of additional claims.  Respondents shall raise all potential

5    affirmative defenses in the initial responsive pleading, including lack of exhaustion and procedural

6    default.  **Successive motions to dismiss will not be entertained**.  If an answer is filed, respondents shall

7    comply with the requirements of Rule 5 of the Rules Governing Proceedings in the United States District

8    Courts under 28 U.S.C. §2254.  If an answer is filed, petitioner shall have **forty-five (45) days** from the

9    date of service of the answer to file a reply.

10    **IT IS FURTHER ORDERED** that, henceforth, petitioner shall serve upon the attorney

11    general of the state of Nevada a copy of every pleading, motion, or other document she submits for

12    consideration by the court.  Petitioner shall include with the original paper submitted for filing a

13    certificate stating the date that a true and correct copy of the document was mailed to the attorney

14    general.  The court may disregard any paper that does not include a certificate of service.  After

15    respondents appear in this action, petitioner shall make such service upon the particular deputy attorney

16    general assigned to the case.

17    **IT IS FURTHER ORDERED** that any state court record exhibits filed by respondents

18    shall be filed with a separate index of exhibits identifying the exhibits by number or letter.  The CM/ECF

19    attachments that are filed further shall be identified by the number or numbers (or letter or letters) of the

20    exhibits in the attachment.  **The hard copy of any additional state court record exhibits shall be**

21    **forwarded – for this case – to the staff attorneys in Reno.**

22

23    Dated this ____30th____ day of January, 2012.

24    _____

25    UNITED STATES DISTRICT JUDGE

26