# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

LISA STICKROD, )
        Petitioner, )   2:11-cv-01430-JCM-GWF
vs. )   **ORDER**
STATE OF NEVADA, *et al.*, )
        Respondents. )

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which petitioner, a state prisoner, is proceeding *pro se*. On November 7, 2011, petitioner paid the filing fee for this action. (ECF No. 9.) Because petitioner has paid the filing fee, the court denies her motions to proceed *in forma pauperis* as moot. (ECF Nos. 6, 10.)

Petitioner initiated this action by filing a "motion to extend time for filing notice of appeal nunc pro tunc and/or correction or clarification of record." (ECF No. 2.) The court construed this document as seeking habeas corpus relief from a state court conviction. To the extent this document seeks any other type of relief, the court denies the motion.

Petitioner has filed a motion for leave to file excess pages. (ECF No. 7.) The court grants the motion. It appears that petitioner has attached her petition, which is on the court-required form, to this motion. The court will order the clerk to detach the petition and file it under a separate docket entry. Additionally, petitioner has filed a brief in support of her petition. (ECF No. 9.) The court will serve both the petition and the brief on respondents.

Petitioner has filed a motion seeking discovery. (ECF No. 11.) The court denies this motion as premature. In habeas corpus actions, discovery is regulated by Rule 6 of the Rules Governing Section 2254 Cases. Rule 6 provides that discovery in habeas corpus actions may be invoked only after obtaining leave of court and upon a showing of good cause. Rule 6(a) states: "A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." Rule 6(b) states: "A party requesting discovery must provide reasons for the request. The request must also include any proposed interrogatories and requests for admissions, and must specify any requested documents." Rule 6, Rules Governing Section 2254 Cases. "Habeas is an important safeguard whose goal is to correct real and obvious wrongs. It was never meant to be a fishing expedition for habeas petitioners to 'explore their case in search of its existence.'" *Rich v. Calderon*, 187 F.3d 1064, 1067 (9th Cir. 1999) (citations omitted). "A habeas petitioner does not enjoy the presumptive entitlement to discovery of a traditional civil litigant. Rather, discovery is available only in the discretion of the court and for good cause shown . . . ." *Rich v. Calderon*, 187 F.3d at 1068 (citing *Bracy v. Gramley*, 520 U.S. 899, 903-05 (1997) and Rule 6(a) of the Rules Governing Section 2254 Cases). Good cause to conduct discovery in a habeas action is based on several factors: (1) the request must be grounded on specific and demonstrable facts; (2) the request must establish a logical and direct nexus between the discovery sought and the claims pending before the court; (3) there must be real and factual evidence that the petitioner can point to in order to establish that the claims in the petition have a basis in fact and are more than mere speculation; and (4) the discovery request must be narrowly tailored to obtain specific and identifiable items. *Bracy v. Gramley*, 520 U.S. at 905-909. In this case, after respondents have filed an answer or other response to the petition, petitioner may renew her motion for discovery. In doing so, petitioner should tailor her motion to address the above standard.

Petitioner also seeks release pending disposition of her petition for writ of habeas corpus. (ECF No. 12.) The Ninth Circuit Court of Appeals has not yet decided whether a district court has the authority to grant bail pending a decision on a habeas corpus petition. *In re Roe*, 257 F.3d 1077,

1079-80 (9th Cir. 2001). Every circuit that has actually decided this issue, however, has held that district courts do, in fact, possess such discretionary authority. *Hall v. San Francisco Superior Court*, 2010 U.S. Dist. LEXIS 33030, 2010 WL 890044, at *2 (N.D. Cal. March 8, 2010) (citing cases from the First, Second, Third, Fifth, Sixth, Seventh, Tenth and District of Columbia Circuit Courts of Appeal). The bail standard for an incarcerated person seeking collateral review is markedly different from the standard applied to a pretrial detainee because an incarcerated habeas corpus petitioner requesting post-conviction relief has already been convicted, and thus, he or she is no longer presumed innocent. *Aronson v. May*, 85 S. Ct. 3, 13 L. Ed. 2d 6 (1964); *Glynn v. Donnelly*, 470 F.2d 95, 98 (1st Cir. 1972). The court's discretion in granting bail pending a decision on a habeas corpus petition is to be "exercised very sparingly." *Cherek v. United States*, 767 F.2d 335, 337 (7th Cir. 1985).

To obtain such relief, the petitioner must demonstrate: (1) that the claim raises a substantial question and there is a high probability of success on the merits; and (2) the case is extraordinary involving special circumstances. *In re Roe*, 257 F.3d at 1080. Exceptional circumstances may exist and, in the court's discretion, warrant a petitioner's release on bail where: (1) petitioner's health is seriously deteriorating while he is incarcerated, *Woodcock v. Donnelly*, 470 F.2d 93, 94 (1st Cir. 1972) (per curiam); *Johnston v. Marsh*, 227 F.2d 528, 532 (3rd Cir. 1955) (Hastie, J., concurring); (2) there is an extraordinary delay in the processing of a petition, *Glynn*, 470 F.2d at 98; and (3) the petitioner's sentence would be completed before meaningful collateral review could be undertaken, *Boyer v. City of Orlando*, 402 F.2d 966 (5th Cir. 1968).

In this case, after reviewing the petition and the moving papers, the court concludes that petitioner fails to show that the merits of her claims are so strong as to indicate a high probability of her success. Additionally, petitioner fails to show that exceptional circumstances exist that require her immediate release pending disposition of her habeas petition. Accordingly, the court denies petitioner's motion for bail.

Last, petitioner has filed a "motion to proceed with appeal on original records of appeal." (ECF No. 13.) To the extent petitioner is seeking an order from this court directing the Nevada Supreme Court to proceed in a particular fashion in her state criminal case, the court denies the motion. If this court determines that petitioner is entitled to relief on the merits of her petition for writ of habeas corpus, it will address what remedy is appropriate at that time.

**IT IS THEREFORE ORDERED** that petitioner's motions to proceed *in forma pauperis* (ECF Nos. 6, 10) are **DENIED as moot.**

**IT IS FURTHER ORDERED** that petitioner's "motion to extend time for filing notice of appeal nunc pro tunc and/or correction or clarification of record" (ECF No. 2) is **DENIED.**

**IT IS FURTHER ORDERED** that petitioner's motion for leave to file excess pages (ECF No. 7) is **GRANTED.** The clerk **SHALL** detach the petition and file it in a separate docket entry. The clerk **SHALL** amend the docket entry for ECF No. 9 and retitle it "Brief in Support of Petition for Writ of Habeas Corpus.**"**

**IT IS FURTHER ORDERED** that petitioner's motion for discovery (ECF No. 11) is **DENIED without prejudice** as premature.

**IT IS FURTHER ORDERED** that petitioner's motion for bail (ECF No. 12) and "motion to proceed with appeal on original records of appeal" (ECF No. 13) are **DENIED**.

**IT IS FURTHER ORDERED** that the clerk shall **ELECTRONICALLY SERVE** the petition and the brief in support of the petition upon the respondents. A petition for federal habeas corpus should include all claims for relief of which petitioner is aware. If petitioner fails to include such a claim in her petition, she may be forever barred from seeking federal habeas relief upon that claim. *See* 28 U.S.C. §2254(b) (successive petitions). If petitioner is aware of any claim not included in her petition, she should notify the court of that as soon as possible, perhaps by means of a motion to amend her petition to add the claim.

1    **IT IS FURTHER ORDERED** that respondents shall have **forty-five (45) days** from entry of this order within which to answer, or otherwise respond to, the petition. In their answer or other response, respondents shall address any claims presented by petitioner in her petition as well as any claims presented by petitioner in any statement of additional claims. Respondents shall raise all potential affirmative defenses in the initial responsive pleading, including lack of exhaustion and procedural default. **Successive motions to dismiss will not be entertained**. If an answer is filed, respondents shall comply with the requirements of Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254. If an answer is filed, petitioner shall have **forty-five (45) days** from the date of service of the answer to file a reply.

**IT IS FURTHER ORDERED** that, henceforth, petitioner shall serve upon the attorney general of the state of Nevada a copy of every pleading, motion, or other document she submits for consideration by the court. Petitioner shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the attorney general. The court may disregard any paper that does not include a certificate of service. After respondents appear in this action, petitioner shall make such service upon the particular deputy attorney general assigned to the case.

**IT IS FURTHER ORDERED** that any state court record exhibits filed by respondents shall be filed with a separate index of exhibits identifying the exhibits by number or letter. The CM/ECF attachments that are filed further shall be identified by the number or numbers (or letter or letters) of the exhibits in the attachment. **The hard copy of any additional state court record exhibits shall be forwarded – for this case – to the staff attorneys in Reno.**

Dated this  30th  day of January, 2012.

_____
UNITED STATES DISTRICT JUDGE

5