1

2

3

4

5

6                        **UNITED STATES DISTRICT COURT**

7                            **DISTRICT OF NEVADA**

8

9

LISA STICKROD,                      )
10                                  )
                    Petitioner,     )        2:11-cv-01430-JCM-GWF
11                                  )
vs.                                 )        **ORDER**
12                                  )
STATE OF NEVADA, *et al.*,          )
13                                  )
                    Respondents.    )
14  _____/

15

16          This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254,

by a Nevada state prisoner.  Before the court is respondents' motion to dismiss the petition.  (ECF
17
Nos. 20 & 21).[1]
18
**I.  Procedural History**
19
            On June 14, 2000, a grand jury in Clark County indicted petitioner for trafficking in a
20
controlled substance and manufacturing a controlled substance.  (Exhibit 3).[2]  On June 23, 2004, the
21
State filed an amended indictment.  (Exhibit 27).  The trial began on June 23, 2004.  (Exhibit 28).
22

23          _____

24          [1]  Respondents filed a motion to dismiss, along with exhibits at ECF No. 20.  The same date,
respondents filed a motion to amend/correct the motion to dismiss at ECF No. 21, which consists of the
corrected motion to dismiss.
25
            [2]  The exhibits referenced in this order are found in the court's record at ECF No. 20.
26

On June 24, 2004, the jury returned a guilty verdict against petitioner for both charges in the indictment.  (Exhibits 29-31).  On August 30, 2004, petitioner appeared for sentencing.  (Exhibit 33).  Petitioner was sentenced as follows: On count I, trafficking in a controlled substance, 10 to 25 years imprisonment, and on count III, manufacturing a controlled substance, 3 to 15 years imprisonment, with the sentences to be served concurrently.  (Exhibits 33 & 36).  The judgment of conviction was filed on September 27, 2004.  (Exhibit 36).  The state district court appointed appellate counsel. (Exhibit 37).  Petitioner filed a notice of appeal on October 26, 2004.  (Exhibit 38).  On January 11, 2006, the Nevada Supreme Court entered its order affirming the conviction.  (Exhibit 50). Remittitur issued on February 7, 2006.  (Exhibit 51).

On May 11, 2006, the state district court appointed habeas counsel to petitioner, and entered a written order to this effect on June 20, 2006.  (Exhibit 53 & 55).  On February 25, 2009, through appointed counsel, petitioner filed her state habeas petition.  (Exhibit 64).  On November 17, 2009, the state district court filed an order dismissing the petition as procedurally barred pursuant to NRS 34.726, and alternatively finding that petitioner received effective assistance of counsel.  (Exhibit 66).  Petitioner appealed.  (Exhibit 67, at p. 3).  On September 10, 2010, the Nevada Supreme Court affirmed the dismissal of petitioner's state habeas corpus petition as untimely.  (Exhibit 69). Remittitur issued on October 6, 2010.  (Exhibit 70).

This court received documents initiating the instant habeas action on September 2, 2011. (ECF No. 1).  Because the initiating documents were not styled as a federal habeas petition, by order entered October 19, 2011, this court directed the clerk to send petitioner the proper form and instructions for initiating a federal habeas corpus action pursuant to 28 U.S.C. § 2254.  (ECF No. 3). Petitioner was granted leave to file an amended petition.  (*Id.*).  On December 5, 2011, the court noted that petitioner had initiated a second habeas action in this court on November 7, 2011, filed as case number 2:11-cv-1792-GMN-GWF.  (ECF No. 8).  The court noted that it appeared that petitioner intended to file the petition and other documents in the instant case, rather than in a new

2

case.  Therefore, the court directed the clerk to file in the instant case, documents 1-5, which had been filed in case number 2:11-cv-1792-GMN-GWF.  (*Id.*).  By order filed January 30, 2012, the court noted that petitioner filed a motion for leave to file excess pages and attached her petition to that motion.  (ECF No. 15; *see* ECF No. 7).  The court directed the clerk to detach the petition and file it under a separate docket entry.  (ECF No. 15).  The petition indicates that petitioner dispatched it to the court on October 27, 2011.  (ECF No. 16, at p. 1).  The court also noted that petitioner filed a brief in support of the petition, filed on November 7, 2011.  (ECF No. 9).  The court's order of January 30, 2012, directed respondents to file a response to the petition and the brief in support of the petition.  (ECF No. 15, at pp. 4-5).

Respondents have brought the instant motion to dismiss the petition as untimely under the AEDPA.  (ECF Nos. 20 & 21).  Petitioner has not filed a response to the motion to dismiss. Petitioner was properly served with the motion to dismiss and the amended motion, as well as the exhibits in support thereof.  (ECF Nos. 20 & 21).  Petitioner was also served with the court's order dated May 9, 2012, pursuant to *Klingele v. Eikenberry*, 849 F.2d 409, (9th Cir. 1988) and *Rand v. Rowland*, 154 F.3d 952 (1998), informing petitioner that she had fourteen days in which to file an opposition to the motion to dismiss.  (ECF No. 22).  Pursuant to Local Rule 7-2(d), the failure of a party to file points and authorities in response to any motion shall constitute consent to the granting of the motion.  As such, respondents' motion to dismiss could be granted based on petitioner's failure to file a response to the motion.  Local Rule 7-2(d).  Additionally, as discussed below, the petition is untimely and must be dismissed.

**II. Discussion**

The Antiterrorism and Effective Death Penalty Act (AEDPA) amended the statutes controlling federal habeas corpus practice to include a one-year statute of limitations on the filing of federal habeas corpus petitions.  With respect to the statute of limitations, the habeas corpus statute provides:

3

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d).

The United States Supreme Court has held that a habeas petitioner's state post-conviction petition, which was rejected by the state court as untimely under the statute of limitations, is not "properly filed," within the meaning of the statutory tolling provision of the AEDPA limitations period.  *Pace v. DiGuglielmo,* 544 U.S. 408, 412-16 (2005).   The Court in *Pace v. DiGuglielmo* held as follows:

In common understanding, a petition filed after a time limit, and which does not fit within any exceptions to that limit, is no more "properly filed" than a petition filed after a time limit that permits no exception.

* * *

What we intimated in *Saffold* we now hold: When a postconviction petition is untimely under state law, "that [is] the end of the matter" for the purposes of § 2244(d)(2).

4

1    *Id.* at 413-14.

2      In the present case, petitioner's judgment of conviction was entered on September 27, 2004.

3 (Exhibit 36). The Nevada Supreme Court's order, affirming the conviction on direct review, was

4 filed on January 11, 2006. (Exhibit 50). Petitioner had ninety days from that date to seek *certiorari*

5 with the United States Supreme Court. *Bowen v. Roe*, 188 F.3d 1157, 1158-60 (9th Cir. 1999).

6 Petitioner's conviction became final 90 days later, on April 12, 2006, at the expiration of the time

7 period to file an application for certiorari with the United States Supreme Court. *See Bowen v. Roe*,

8 188 F.3d 1157 (9th Cir. 1999); *see also* Nevada Supreme Court Rules, Rule 13(1). Petitioner then

9 had one year, until April 12, 2007, to file the federal habeas petition, unless the time was otherwise

10 tolled by federal statute. *See* 28 U.S.C. § 2244(d)(1),(2).

11      A properly filed state post-conviction petition tolls the statute of limitations. 28 U.S.C.

12 § 2244(d)(2). A state post-conviction petition that violates the state statute of limitations is not

13 "properly filed" for purposes of 28 U.S.C. § 2244(d)(2). *Pace v. DiGuglielmo*, 544 U.S. 408, 412-

14 16 (2005). Petitioner filed the state post-conviction habeas petition on February 25, 2009. (Exhibit

15 64). The state district court dismissed the petition as untimely. (Exhibit 66). The Nevada Supreme

16 Court also held that petitioner's state habeas petition was untimely pursuant to NRS 34.726.

17 (Exhibit 69). Thus, the state habeas petition was not a "properly filed application" that would toll

18 the AEDPA statute of limitations under 28 U.S.C. § 2244(d)(2). The time period during which

19 petitioners' state habeas petition was pending in state court is not statutorily tolled.

20      Petitioner dispatched the federal habeas petition on October 27, 2011.[3] Over five years,

21 which were not tolled by statute, elapsed before petitioner filed the federal habeas corpus petition.

22 The federal petition is untimely under the AEDPA's one-year statute of limitations and is subject to

23 dismissal, absent equitable tolling.

24

25      [3] The federal petition indicates that petitioner mailed her petition on October 27, 2011. (ECF No. 16, at p. 1). Pursuant to the "mailbox rule," federal courts deem the filing date of a document as the date that it was given to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 270 (1988).

26

1    The United States Supreme Court has held that the AEDPA's statute of limitations "is subject

2    to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010).  The

3    Supreme Court reiterated that "a petitioner is entitled to equitable tolling only if he shows: '(1) that

4    he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his

5    way' and prevented timely filing." *Holland*, 130 S.Ct. at 2562 (quoting *Pace v. DiGuglielmo*, 544

6    U.S. 408, 418 (2005)).  In making a determination on equitable tolling, courts must "exercise

7    judgment in light of prior precedent, but with awareness of the fact that specific circumstances, often

8    hard to predict in advance, could warrant special treatment in an appropriate case." *Holland*, 130

9    S.Ct. at 2563.  In the instant case, petitioner has failed to make any showing that she pursued her

10   rights diligently and that any extraordinary circumstance prevented her from filing a timely federal

11   petition.  Petitioner is not entitled to equitable tolling and the petition must be dismissed as untimely.

12   **III.  Certificate of Appealability**

13   In order to proceed with an appeal, petitioner must receive a certificate of appealability.  28

14   U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1;  *Allen v. Ornoski,* 435 F.3d 946, 950-951

15   (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001).  Generally, a

16   petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a

17   certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84

18   (2000).  "The petitioner must demonstrate that reasonable jurists would find the district court's

19   assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484).  In

20   order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are

21   debatable among jurists of reason; that a court could resolve the issues differently; or that the

22   questions are adequate to deserve encouragement to proceed further.  *Id.*  This court has considered

23   the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a

24   certificate of appealability, and determines that none meet that standard.  The court will therefore

25   deny petitioner a certificate of appealability.

26

**IV. Conclusion**

      **IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF Nos. 20 and 21) is **GRANTED** and the federal petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE.**

      **IT IS FURTHER ORDERED** that respondents' motion for an order to show cause (ECF No. 23) is **DENIED** as moot.

      **IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

      **IT IS FURTHER ORDERED** that the clerk **SHALL ENTER JUDGMENT ACCORDINGLY.**

            Dated January 23, 2013.

                                          UNITED STATES DISTRICT JUDGE

7